DELIA GINGRAS *vs.* CHARLES E. LINSCOTT.

MARCH 8, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Executions.*   *Payment of Board of Prisoner.*

Gen. Laws, cap. 325, § 1 as amended, does not prescribe either the mode or medium of payment of the board of defendants committed on execution to jail, and the acceptance of a valid money order by the keeper of the jail before the prisoner's board was due, was a payment within the meaning of the statute.

HABEAS CORPUS.   Heard on petition for writ and denied.

STEARNS, J.   The petitioner, Delia Gingras, was committed to the Providence County Jail in Cranston on January 9, 1922, by virtue of an execution issued by the Superior Court on a judgment in an action of trespass on the case for slander.   The respondent is the keeper of the County Jail.

At the time of the commitment the prisoner's board for one week was paid in cash in advance by the committing officer to the respondent.   On January 12, the respondent received by mail from the committing creditor a United States postal money order for four dollars, the amount of the prisoner's board for one week, which was made payable to the order of respondent at the local post office in Cranston. This money order was at once endorsed by respondent. The clerk in the office of the jail, on the same day and in pursuance of the practice of the office, drew four dollars in cash from a certain separate fund kept in the office, called the "Tobacco Fund," placed the postal money order in the fund and the cash thus withdrawn was then applied and credited to the board of the prisoner for the following week. The local postmaster in Cranston also kept a store and supplied therefrom various articles for the County Jail. The practice at the jail was to use such money orders as were on hand at the jail, in payment of the bill for supplies, which was usually presented weekly by the postmaster. The money order in this case was received by the post-

master in part payment of his bill, some two or three days after the beginning of petitioner's second week of confinement. Petitioner claims that the committing creditor has not paid or caused to be paid from and after January 16 in advance the board of petitioner, and that petitioner is illegally detained at jail and is now entitled to be discharged from custody.

The proceeding is by petition for a writ of *habeas corpus.* Chapter 325, Section 1, General Laws, provides that whenever any person shall be imprisoned upon execution in any action whatsoever "the party at whose suit such person is imprisoned shall pay to the keeper of the jail in which he is imprisoned the sum of three dollars per week in advance for the board of such prisoner." The amount paid by the creditor for the board of the prisoner is to be added to and is made a part of the costs of commitment and detention to be paid by the prisoner. (Sec. 3) By Chapter 1649, Sec. 16, Public Laws 1917–1918, in amendment of Chapter 364, Section 16, the fees allowed to jailers for the board of prisoners confined in civil cases on civil process in Providence County Jail are raised to four dollars a week. The effect of this latter enactment, although no reference is made therein to Chapter 325, is to amend Chapter 325 and to require the prepayment of four dollars a week.

The question is, has legal payment been made in this case? If the creditor wishes to confine the debtor in cases where the right to do so is given by the statute, he must pay for the debtor's board and to prevent any chance of loss by the State, the payment must be made in advance. The question in regard to the rights of the keeper to require payment to be made in a particular manner is not in issue. The keeper cannot give credit to the committing creditor, but neither the mode nor the medium of payment is prescribed by the statute. Payment by legal tender is not required. Payment and acceptance of money which is current in the community and generally used in business transactions would undoubtedly be good. A post office

money order is a method provided by the Federal government to insure greater security in the transmission of money. It is in common and daily use in business transactions and is particularly useful in the transmission of small amounts of money. By accepting the order and cashing the same from the tobacco fund, we think the payment was complete and can fairly be held to be a payment in money. But even if this had not been done we think the acceptance of a valid money order by respondent before the prisoner's board was due was a payment within the meaning of the statute. The State was protected from loss. By his acts in buying the money order and sending the same to the respondent, the creditor had parted with all right to control the payment of the money. The order to pay was not subject to any conditions nor was there any question that the payee could collect the cash whenever he desired. The acceptance of the order by respondent made the transaction complete and constituted payment.

The petition for writ of *habeas corpus* is denied.

*Cooney & Cooney,* for petitioner.

*Thomas P. Corcoran,* for respondent.